# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODNEY G. PACE,**

    **Plaintiff,**

vs.

**SECURITAS SECURITY SERVICE USA, INC., JIM DARNELL, LOU REDDO, and WILLIAM OSBORN,**

    **Defendants.**           **No. 04-CV-0930-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.  Introduction

Before the Court is a motion to compel arbitration and stay/dismiss submitted by Defendants Securitas Security Services USA, Inc. ("Securitas"), Jim Darnell, Lou Reddo and William Osborn. (Doc. 21.) On December 15, 2004, Plaintiff Rodney Pace filed a *pro se* complaint asserting Title VII claims against Defendants alleging they had improperly terminated his employment. (Doc. 1.) In their current motion, Defendants argue Plaintiff's action is barred by the Parties' agreement to submit all employment disputes to arbitration. (Doc. 21.) Plaintiff suggests the Parties' have already arbitrated their claims. (Doc. 22.) For the following reasons, the Court **GRANTS** Defendants' motion. (Doc. 21.)

## II.  Background

The Parties agree on the essential facts.  As a precondition for employment, Defendant Securitas requires its employees to consent to an arbitration policy requiring all employment disputes be submitted to arbitration.  The Arbitration Program Clause provides as follows:

### CLAIMS COVERED BY THE PROGRAM

> Any claims or controversies ("Claims") either Securitas may have against an employee or an employee may have against the company or against its officers, directors, employees or agents in their capacity as such, must be resolved by arbitration instead of the courts, whether or not such claims arise out of an employee's employment (or termination).  The claims covered include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for harassment, discrimination (including but not limited to race, sex, religion, national origin, age, marital status, or medication condition, handicap or disability); claims for benefits (except where an employee benefit or pension plan specifies that its claim procedure shall culminate in an arbitration procedure different from this one); and claims for violation of any federal, state, or other government law, statute, regulation, or ordinance.  This provision includes, but is not limited to, Title VII, of the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Americans with Disabilities Act, the Family Medical Leave Act, The Age Discrimination in Employment Act, the Fair Labor Standards Act, and comparable state statutes.

(Doc. 21, Ex. B and C).  Another section of the agreement explains how the agreement to arbitrate interacts with the occurrence of government administrative hearings:

> Q: May I still file a charge with a state administrative agency or the Equal Employment Opportunity Commission (EEOC)?
>
> A: Yes, but it is not required.  The Securitas arbitration program does not limit employees from using state or federal administrative processes.  If the matter is not resolved through

> the administrative process, the employee still proceeds through arbitration rather than going to court. The advantage of arbitration is that the employee is not required to exhaust his/her administrative remedies with a state or federal agency prior to going to arbitration, which can allow the employee to obtain a resolution to his/her dispute in a much shorter time frame.

(Doc. 21, Ex. B p. 7.) On July 28, 2003, Plaintiff signed a document acknowledging (1) his receipt of a copy of the program's provisions and (2) his agreement to comply with the program as a condition of his employment. (Doc. 21, Ex. A.)

At some point, a dispute arose between Plaintiff and Defendant Securitas regarding some aspect of Plaintiff's employment. In July 2004, Plaintiff met with Securitas' Human Resources Manager and Illinois Regional Manager to discuss some issue that the Parties have not disclosed to the Court. Later, on September 24, 2004, Administrative Law Judge Terrence Harders of the Illinois Department of Employment Security held a telephone hearing, the exact subject of which the Parties also leave unexplained; present at the hearing were Plaintiff, Securitas' Human Resources Manager, Securitas' Illinois Regional Manager, and Securitas' corporate counsel. (Doc. 22; Ex. A.) On November 3, 2004, Defendant Securitas sent Plaintiff a letter terminating his employment because his St. Louis County security license application had been denied. (Doc. 1, Letter of Nov. 3, 2004.)

On December 15, 2004, Plaintiff filed a *pro se* complaint concerning his termination. (Doc. 1.) According to Plaintiff's vague allegations, Defendant Securitas wrongfully terminated his employment (1) by relying on misrepresentations made by another employee and (2) by doing so in a manner inconsistent with Securitas'

internal procedures. (Doc. 1, p. 5.) Plaintiff does not state what the ostensible reason for his firing was or what the alleged misrepresentations were.

### III. Analysis

#### A. Parties' Arguments

In their present motions, Defendants argue the Arbitration Program Clause clearly requires this Court to compel arbitration. (Doc. 21.) In his *pro se* response, Plaintiff does not dispute the existence of the Parties' arbitration agreement but suggests an "arbitration" already occurred at either the July 2004 meeting or the September 24, 2004, meeting. (Doc. 22; Ex. A.) Defendants reply that neither meeting constituted an arbitration. With specific regard to the hearing of September 24, 2004, Defendants argue that the state agency's brief unemployment telephone hearing is substantially different from an arbitration. (Doc. 27)(citing *Siracusa v. Am. Airlines, Inc.*, 2000 WL 1810191 (N.D. Cal. 2000), *McClain v. Cornell Univ.*, 2000 WL 362021, *6 (N.D. N.Y. 2000), and *Star Pharmacy, Inc. v. Roberts*, 1977 WL 1731 (S.D. N.Y. 1977).)

#### B. Compelling Arbitration

The Court determines that it must compel arbitration in accordance with the Arbitration Program Clause. Section 3 of the **FEDERAL ARBITRATION ACT** requires a court to compel arbitration upon finding that the issues are referable under the parties' agreement. **9 U.S.C. § 3**. There is an "overriding federal policy

favoring arbitration" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." **Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 53 (7th Cir. 1995)**. Interpretations of arbitration agreements are governed by state contract law. **Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 662 (7th Cir. 2002)**.

Here, the Parties agree that an employment dispute such as this must be submitted to arbitration but argue whether arbitration has already occurred. First, notwithstanding whatever the subject matter of the July 2004 meeting was, that meeting clearly was not an arbitration since no neutral party was present to function as an arbitrator. Second, notwithstanding whatever the subject matter of the September 24, 2004, state administrative hearing was, the Parties' participation in that hearing did not satisfy the Parties' duty to arbitrate under their agreement. The Parties' agreement specifically states that even "[i]f the matter is not resolved through the administrative process, the employee still proceeds through arbitration rather than going to court." (Doc. 21, Ex. B p. 7.) Given that a dispute between the Parties still appears to exist subsequent to the state administrative hearing of September 24, 2004, Plaintiff must submit to arbitration rather than pursue his claim in this Court. Therefore, the Court must compel arbitration since (1) the July 2004 meeting was not an "arbitration" and (2) the Parties' agreement compels arbitration of disputes still pending subsequent to a state administrative hearing, such as that of September 24, 2004.

### C. Dismissal or Stay

Normally, a Court will stay a case with regard to those issues on which the Parties must arbitrate.  **9 U.S.C. § 3**.  However, the clear weight of authority allows a court to dismiss a case when all claims must be arbitrated since staying the action will serve no purpose.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *see also Dalope v. United Health Care of Ill.*, No. 03-C-8918, 2004 WL 2325688, at *2 (N.D. Ill. Oct. 8, 2004)(Bucklo, J.); *Hostmark Investors, Ltd. v. Geac Enterprise Solutions, Inc.*, No. 01-C-8950, 2002 WL 1732360, at *3 (N.D. Ill. July 26, 2006)(Manning, J.); *Reineke v. Circuit City Stores, Inc.*, No. 03-C-3146, 2004 WL 442639, at *5(N.D. Ill. Mar. 8, 2004)(Pallmeyer, J.). Since the Parties' agreement compels arbitration on all issues in this case, the Court dismisses Plaintiff's complaint without prejudice.

## IV. Conclusion

To summarize, the Court **GRANTS** Defendants' motion to compel arbitration and to stay/dismiss since (1) the July 2004 meeting was not an arbitration and (2) the September 24, 2004, state administrative hearing did not relieve the Parties of their duty to arbitrate. (Doc. 21.) Also, since arbitration must be compelled on all claims, the Court **DISMISSES without prejudice** Plaintiff's *pro se* complaint.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2005.

/s/    David RHerndon
**United States District Judge**